# In the United States Court of Federal Claims
(Pro Se)

|  |  |
|---|---|
| MINDY L. FOGEL, | ) |
| Plaintiff, | ) |
| v. | ) No. 20-980C |
|  | ) (Filed: August 18, 2020) |
| THE UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**ORDER**

      The pro se plaintiff, Mindy L. Fogel, brought this action to challenge the Social Security Administration's ("SSA") denial of her application for disability benefits. Compl. at 2, ECF No. 1. She alleges that the denial was unfair because medical records that supported her claim were not added to the record, and because her attorney nonetheless persuaded her to go ahead with the hearing on her claim. Id. She seeks an opportunity to prove that she is disabled and unable to work, and requests that the Court "[o]verturn the [j]udgment and final [o]rder of [d]ismissal" and award her $84,000 in past due benefits. Id. at 3.[1]

      Jurisdiction is a threshold matter, Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95 (1998), and the Court may raise the issue on its own at any time without a motion from a party, Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004). Further, while it is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met, Harris v. United States, 113 Fed. Cl. 290, 292 (2013).

      This Court does not have jurisdiction over claims alleging the wrongful denial of social security benefits. Marcus v. United States, 909 F.2d 1470, 1471 (Fed. Cir. 1990). To the contrary, the Social Security Act confers jurisdiction over challenges to the final decisions of the Commissioner of the SSA on the district courts. 42 U.S.C. § 405(g). Indeed, Ms. Fogel currently has a lawsuit pending in the U.S. District Court for the District of Oregon that appears to seek

---

[1] Ms. Fogel has filed a motion to proceed in forma pauperis in this case. That motion is **GRANTED.**

review of the same denial of benefits that she has challenged in this case. See <u>Fogel v. Commissioner</u>, No. 19-1545 (D. Or. Sept. 25, 2019).

      For these reasons, the Court directs the Clerk to **DISMISS** Ms. Fogel's complaint without prejudice based on lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

<u>Elaine D. Kaplan</u>
ELAINE D. KAPLAN
Judge